UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| STEVE GARRISON, | No. C 15-977 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF Nos. 1 and 6] |
| GOVERNOR BROWN; et al., | |
| Defendants. | |

## INTRODUCTION

Steve Garrison, an inmate at the Santa Clara County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. ECF No. 1 at 5. His complaint is now before the court for review under 28 U.S.C. § 1915 because he has applied to proceed *in forma pauperis*. This order dismisses the complaint, and allows Mr. Garrison to file an amended complaint.

## STATEMENT

The complaint provides the following statement of Mr. Garrison's claim: "My custody is a case of Federal Human Traifficing [sic], and has [illegible word] for all of CA since 1976. The President is not responding, a RICO act is wide open, will discuss at hearing. The past courts have not issued summonses in any cases [illegible word] all cases so far by default, Federal Rule of Civil Procedure

1   4."  ECF No. 1 at 4 (errors in source).

2   A couple of weeks after filing the complaint, Mr. filed a "motion to amend conspiracy to 1st
3   degree murder charges against the State of California..." ECF No. 6.  Like the complaint, the motion
4   to amend is very difficult to read and does not make sense.

## ANALYSIS

6   A federal court must engage in a preliminary screening of any case in which a prisoner seeks
7   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.
8   § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
9   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
10  monetary relief from a defendant who is immune from such relief.  *See id*. at § 1915A(b).  *Pro se*
11  complaints must be liberally construed.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

12  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right
13  secured by the Constitution or laws of the United States was violated, and (2) that the violation was
14  committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48
15  (1988).

16  The court is unable to understand enough of the allegations in the complaint or the motion to
17  amend to be able to determine whether Mr. Garrison can state a claim under § 1983.  A complaint
18  must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."
19  Fed. R. Civ. P. 8(a).  "Specific facts are not necessary; the statement need only . . . give the
20  defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v.*
21  *Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).  Mr. Garrison's
22  complaint does not provide the required short and plain statement of the claim, and leaves the reader
23  guessing as to what his problem(s) might be.

24  Mr. Garrison's motion to amend does not solve the problem because the motion to amend does
25  not provide a coherent statement of his claim(s).  The motion to amend is large on generalities about
26  problems experienced by people in custody and in the criminal justice system in California but short
27  on specifics about this particular plaintiff's problems.  The motion to amend does not identify any
28  legal claim against any particular defendant.

1     The court will grant leave to amend so that Mr. Garrison may file an amended complaint in
2  which he describes specifically what each defendant did or failed to do that caused a violation of Mr.
3  Garrison's constitutional rights.  In his amended complaint, Mr. Garrison must be careful to allege
4  facts showing the basis for liability for each defendant for each of his legal claims.  He should not
5  refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant
6  by name and link each of them to his claim by explaining what each defendant did or failed to do
7  that caused a violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

8      Much of Mr. Garrison's handwriting is extremely difficult to read, and appears to have been
9  written hurriedly.  In all future filings, he must attempt to write more clearly.   If the court cannot
10 understand what a plaintiff is requesting because the writing is illegible or is nonsensical, there is no
11 possibility that the plaintiff will obtain the relief he seeks.

## CONCLUSION

13    For the foregoing reasons, the motion to amend is **DENIED** (ECF No. 6) and the complaint is
14 **DISMISSED WITH LEAVE TO AMEND**.  The amended complaint must be filed no later than
15 **May 1, 2015**, and must include the caption and civil case number used in this order and the words
16 AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint will
17 supersede existing pleadings and must be a complete statement of his claims, except that he does not
18 need to plead again any claim the court has dismissed without leave to amend.  *See Lacey v.*
19 *Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Failure to file the amended
20 complaint by the deadline will result in the dismissal of the action for failure to state a claim against
21 a named defendant.

22    **IT IS SO ORDERED.**

23 Dated: April 2, 2015


LAUREL BEELER
United States Magistrate Judge